[Civ. No. 6846. Third Dist. Nov. 5, 1942.]

Estate of ALBERT C. BELL, Deceased. ORR M. CHENO-WETH, as Administrator, etc., Respondent, v. HELEN ERMA ELLIS, a Minor, etc., et al., Appellants.

J. Oscar Goldstein and Burton J. Goldstein for Appellants.

Chenoweth & Leininger for Respondent.

SCHOTTKY, J. pro tem.—Respondent has filed herein a motion for diminution of record, and seeks to have incorporated in the record of this appeal——
(1) A letter dated January 19, 1942, from J. Oscar Goldstein, one of the attorneys for appellants, to Orr M. Chenoweth, administrator, and one of the attorneys for the administrator; (2) A letter dated January 22, 1942, from J. Oscar Goldstein to Glenn D. Newton, attorney at law, Redding, California, and attorney for plaintiff in an action filed by Twila Bragg and Elizabeth Richards, plaintiffs, v. Josie Ellis, Helen Erma Ellis, Betty Jean Ellis, Orr M. Chenoweth, as administrator of the estate of Albert C. Bell, deceased, defendants; numbered 11,645, Superior Court of the State of California, in and for the County of Shasta; (3) Notice of consent to entry of judgment in said action numbered 11,645, dated January 22, 1942, and signed by J. Oscar Goldstein and Burton J. Goldstein, attorneys for appellants; (4) Certified copy of the judgment in said action numbered 11,645; (5) Notice dated April 31, 1940, given by the County Clerk of Shasta County under section 1200 of the Probate Code, of the hearing of the final account and report and petition for discharge in the estate of Albert C. Bell, deceased.

The appeal herein is by Helen Erma Ellis and Betty Jean Ellis, heirs-at-law of said Albert C. Bell, deceased, from an order of the Superior Court of Shasta County confirming and approving the first and final account and report and petition for discharge of administrator in said estate. The said final account and report was filed on April 3, 1940, and

appellants' objections thereto were filed on July 1, 1940. The order confirming and approving said first and final account and report was made and entered on February 2, 1942, in the absence of appellants and their counsel, after hearing held on the same date. From a reading of appellants' opening brief, which is on file herein, it appears that the principal question involved herein is whether or not appellants received sufficient notice of the time of the hearing of said first and final account and the objections thereto.

In support of their petition for diminution of record respondents have filed an affidavit of the superior court judge who heard the said first and final account and report, in which affidavit the said judge sets forth that prior to the 28th day of January, 1942, the date of the trial of said action No. 11,645, said Orr M. Chenoweth presented to him the letter of J. Oscar Goldstein, dated January 19, 1942, and that prior to said date he was advised of the contents of the letter dated January 22, 1942, from J. Oscar Goldstein to Glenn D. Newton, and also of said notice of consent to entry of judgment, and further, that at the hearing of said first and final account on February 2, 1942, said Orr M. Chenoweth presented and called his attention to said letters, notice, and judgment, and that all of said documents were before the court at said hearing; and that in addition to deciding and considering that the attorneys for appellants herein had due and legal notice of the said first and final account, he also decided and considered that said letters and notice, coupled with the said judgment entered in action numbered 11,645, made it unnecessary to give any further and additional notice. Respondent has filed an affidavit of Orr M. Chenoweth, administrator of the said estate and one of the attorneys for the administrator, to substantially the same effect as the affidavit of said superior judge.

Appellants have filed, in opposition to said motion, an affidavit of J. Oscar Goldstein, in which he denies that appellants received any notice of the time of the hearing of said first and final account, and denies that there was any waiver of notice of hearing by appellants, and refers to the transcript filed on this appeal, as proof that said letters and documents were not offered in evidence at the time of said hearing.

The purpose of a suggestion of diminution of record is to correct any error or defect in the transcript. We are not prepared to state what weight may ultimately be attached

to said proposed additions to the record, nor are we entirely convinced as to their relevancy. However, we believe that upon a motion of this kind an appellate tribunal should be liberal in permitting the said documents to be added to the record in order that they may be considered and given such weight as they may be entitled to. Were it not for the fact that the affidavit of the trial judge states that he considered said letters, notice and judgment, we would be disposed to deny the motion, but in view of his statement that said letters, notice and judgment were before him, and considered by him, we believe that the motion should be granted.

It is therefore ordered that respondent's motion for diminution of record be granted, and that the documents set forth in Exhibits A, B, C, D and E to respondent's notice of motion, be incorporated in, and made a part of the record of this appeal.

Thompson, J., and Adams, P. J., concurred.